THE CAPITAL OF PUERTO RICO, ETC., Petitioner and Appellee, *v.* REXFORD GUY TUGWELL, GOVERNOR OF PUERTO RICO ET AL., Respondents; MUNICIPALITY OF CAGUAS, Intervener and Appellant.

No. 8726. Argued May 3, 1943.—Decided May 5, 1943.

*Federico E. Vilella* for appellant. *Juan Valldejuly Rodríguez* for appellee. *M. Rodríguez Ramos, Acting Attorney General,* for respondents.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

It is prayed that the appeal in this case be dismissed because of lack of jurisdiction.

From the appellee's motion and from the certificate accompanying the same, it appears that the Capital of Puerto Rico instituted suit in the District Court of San Juan against the Governor, the Treasurer, and the Auditor of the Island, so that they be ordered to pay to it the sum of $100,924.60, in accordance with Act No. 185 of 1941, Laws of 1941, for cigarette taxes.

The Municipality of Caguas intervened in the suit, opposing the relief sought by the Capital because the latter is not a municipality and is not therefore within the provisions of said law.

The suit was decided on February 26, 1943, by judgment in favor of the Capital, which was notified to the respondents and the intervener. The respondents did not appeal. The intervener appealed and the Capital asks that its appeal be dismissed because it was filed outside of the jurisdictional term to file the same.

The notice of the judgment to the intervener was given by the clerk of the trial court on March 8, 1933, by mailing it to the Mayor of the Municipality of Caguas, and on the same day a copy thereof was filed in the proceedings of the case. And since the notice of appeal was not filed in

court until April 9, the appellee contends that it was filed after the legal term had expired, that is, a month, thirty days, in accordance with what has been decided by this court. Section 295 of the Code of Civil Procedure; §2 of the Act of March 9, 1911, p. 237, Code of Civil Procedure, 1933 ed., p. 139; *Casasús v. White Star Bus Line,* 58 P.R.R. 864.

In its writing opposing the motion for dismissal the intervening municipality, appellant herein, contends that having deposited its notice of appeal in the post office in Caguas on April 7, 1943, this was done on time, since as this was a "notice" there was compliance by putting it in the mail, in accordance with the provisions of §32 of the Code of Civil Procedure. It admits that the jurisprudence of this court is contrary to its contention, but asks that the same be overruled because it is an old formalism, invoking to this effect the case of *Crédito y Ahorro Ponceño v. Beveraggi,* 55 P.R.R. 629, and especially the quotation from Judge Cardozo's "The Nature of Judicial Process" therein contained.

This is not merely an old formalism, but a positive provision of the law. The law expressly provides—§296 Code of Civil Procedure, 1933 ed.—that an appeal is taken "by filing with the secretary" the notice stating that an appeal is taken and only when the notice is filed is the appeal considered as taken.

This court since 1919, in the case of *Alvarez v. Sucrs. of C. & J. Fantauzzi,* 27 P.R.R. 488, clearly and positively decided that—

"The notice of appeal in this case was received and filed by the clerk of the lower court after the expiration of the ten days allowed the appellant for taking his appeal. Section 322 of the Code of Civil Procedure is not applicable to documents or pleadings of the parties sent to the clerk's office of a court to be filed therein, and such documents are effective only from the time they are received by the clerk and filed, whether the delivery be made by mail or personally; therefore the act of mailing them is not equivalent to their being filed in the clerk's office, not can the effect of the filing

be antedated to the date of the mailing. Hence, the appeal will be dismissed when the notice of appeal is filed after the expiration of the legal period."

This has been the constant and well-understood practice in this jurisdiction and we can not find any sound reason to alter it. The statutory requisites on this matter should be strictly complied with. See 3 Am. Jur., *Appeal and Error,* §478.

The appeal is dismissed.